In Re: Ross Township Election District Reapportionment. The Board of Commissioners of the Township of Ross, Appellant.

508

.Argued. March 14, 1984, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*William W. Milnes, Brandt, Milnes, Rea and Wagner,* for appellant.

*John D. O'Brien, Thorp, Reed & Armstrong,* for appellee.·

OPINION BY JUDGE BLATT, August 13, 1984:

. The Board of Commissioners of the Township of Ross (Commissioners) appeals here an order of the Court of Common. Pleas of Allegheny County which set aside a reapportionment plan developed by the Commissioners. The Court also decreed that a "Reapportionment Committee" consisting of three members[1] be established to act "pursuant to further Order of [that] Court." *See* Section 6 of the Municipal Reapportionment Act (Act), Act of December 13, 1974, P.L. 947, *as amended,* 53 P.S. §11606.

---

[1] The trial court's order reads that:

A Reapportionment Committee shall be established by the Court and that, within seven (7) days, the objectors shall propose one (1) name, and the Township Committee [Commissioners] shall propose one (1) name, each to be appointed by the Court together with a third person to be selected and. appointed by the Court.

On December 27, 1982, the Commissioners had adopted a reapportionment plan in Ordinance No. 1427 pursuant to Section 3 of the Act, 53 P.S. §11603 which reads that:

Within the year following that in which the Federal census, decennial or special, is officially and finally reported, and at such times as the governing body of any municipality shall deem necessary, each municipality having a governing body not entirely elected at large shall be reapportioned into districts by its governing body. The governing body shall number the districts.

Districts shall be composed of compact and contiguous territory as nearly equal in population as practicable as officially and finally reported in the most recent Federal census, decennial or special.

Twelve resident electors of the township filed a Petition to Contest the Reapportionment Plan on January 21, 1983, Section 6 of the Act.[2] The trial court reviewed the plan in light of the criteria set forth in the above-cited Section 3 of the Act, and held that, although the districts were compact, contiguous and nearly equal in population, it appeared that some constitutionally impermissible considerations "tainted" the composition of the ninth ward. Pursuant to Section 6 of the Act, the trial court then rejected the plan and ordered that a "Reapportionment Committee" be formed. Subsequently, the Commissioners filed the present appeal. The residents answered with a motion to dismiss.

---

[2] Section 6 of the Act reads in pertinent part that "[i]n order to contest a reapportionment, a petition signed by ten electors who are residents of the municipality shall be submitted to the court of common pleas."

In their motion to dismiss, the residents argue that the Commissioners' appeal is interlocutory in that it was not taken from a final order and does not fall within the scope of Pa. R.A.P. 311, Interlocutory Appeals as of Right. The Commissioners contend, however, that their appeal is not interlocutory, because the trial court's decision to establish a "Reapportionment Committee" has effectively thrown them out of court and that, therefore, the order was final as it relates to them.

In determining whether or not the trial court's order is final, we will "follow the reasoning of the United States Supreme Court that a finding of finality must be the result of a practical rather than a technical construction." *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975) (citation omitted). Here, the practical effect of the order was to create a "Reapportionment Committee" which would redraft the original plan and then, pursuant to Section 6 of the Act, submit the revised plan to the trial court for review and final approval. Clearly, therefore, the order anticipates continuing involvement by the trial court in the development of a legally sound reapportionment plan. It does not grant final approval of a redrafted reapportionment plan. In fact, it indicates that the final composition of the "Reapportionment Committee" has yet to be determined, so there is not yet even a plan to review.

As to the Commissioners' contention that the order is at least final as to them because it has effectively thrown them out of court, we note that the Commissioners were never named as a "party" in the proceedings below. And while they did testify in support of the original reapportionment plan at a hearing held by the trial court, this would not entitle them

to "party" status. Essentially, we do not believe that the Commissioners were ever "in court" and, therefore, we do not believe that the order of the trial court "put them out of court".

We must hold that the present appeal is interlocutory, and, we will further find that the Commissioners do not have an interlocutory appeal as of right under Pa. R.A.P. 311. Accordingly, we will grant the residents' motion to dismiss.

ORDER

AND Now, this 13th day of August, 1984, we hereby quash the appeal in the above-captioned matter.